EMILY MANTON vs. WALTER L. CLARKE, City Treasurer.

JUNE 12, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Sidewalks. Taxation. Notice.*

Where plaintiff testified that no notice had been given her of orders relative to the building and repairing of sidewalks, such testimony coupled with admissions of defendant that the other steps in the action to recover tax paid under protest had been properly taken, established a *prima facie* case, requiring defendant to prove the giving of notice.

*(2) Sidewalks. Taxation. Notice.*

The burden of proving the giving of notice relative to the building and repairing of sidewalks is not sustained, where the city is unable to prove the contents of the notice either by copy or record.

ACTION to recover tax paid under protest. Heard on exception of plaintiff and sustained.

RATHBUN, J. This is an action against the treasurer of the city of Providence to recover back the sum of $176.20, representing two tax assessments for repairs and improvements of sidewalks, assessed against the plaintiff and paid by her under protest. The trial in the Superior Court resulted in a verdict for the defendant. The case is before us on the plaintiff's exception to the refusal of the trial court to direct a verdict for the plaintiff.

On January 11, 1916, the Commissioner of Public Works issued an order that the plaintiff repair the sidewalk adjacent to her real estate on North Main street and on November 6, 1916, said commissioner issued an order that the plaintiff build a new sidewalk adjacent to the same property where it abuts on Randall street.

The plaintiff contends that no notice of either of said orders was served on her. The defendant contends that a notice of each of these orders was served on the plaintiff on the days on which they were respectively issued.

About the middle of December, 1916, the plaintiff not having commenced the work, the city repaired one sidewalk and rebuilt the other and added the amount of the cost to the taxes assessed against the plaintiff on said property.

It was admitted by the defendant that the tax was paid under a protest specifying the reasons for protest; that a proper claim was duly filed with the city for repayment of the tax and that suit to recover back the money was commenced in due course.

The jury returned a verdict for the defendant and made special findings, as follows:

"1.   That the notice issued by the Commissioner of Public Works for the repair of the sidewalk on North Main Street adjacent to the plaintiff's property was served personally upon the plaintiff.

"2.   That the notice issued by the Commissioner of Public Works for the repairs and building of the sidewalk on Randall Street adjacent to plaintiff's property was served personally upon the plaintiff Emily Manton."

Chapter 49 of the Ordinances of the City of Providence, 1914, provides in part as follows: "Sec. 14.   Said commissioner is hereby vested with full power and authority to superintend, order and direct the building and altering of any sidewalk in the city, the materials to be used, and the time within which said building or alteration shall be made; and whenever said commissioner shall have determined in what manner, of what materials, and within what time any sidewalks shall be built or altered, he shall cause written or printed notice thereof to be personally given to the owner of the adjacent lot, if residing within the city of Providence, particularly describing the materials, width, height and manner the sidewalk shall be built, or the alteration to be made; but if the owner shall not reside in said city, then the notice shall be given to the tenants in possession; but if no tenant shall be in possession, then the same shall be published in the newspapers employed to do the city advertising once a week for three successive weeks.   At the expiration of the time so limited by said commissioner, if the work shall not have been prosecuted according to his directions, he shall, in his discretion, proceed at the expense of the city and execute the directions so by him given to the owner; and

when the same shall be accomplished, it shall be the duty of said commissioner to certify the expense thereof to the assessors of taxes of said city, together with ten per centum in addition thereto, to cover the interest, cost of assessing and collecting; and said sum so certified shall be by the assessors added to the tax of the owner of such adjacent lot so neglecting as aforesaid, which proceeding shall be conclusive, and the said owner with his estate shall be responsible therefor in the same manner as for other taxes; . . ."

No question is raised either as to the validity of the statutes purporting to authorize the adoption of the above quoted ordinance or as to the validity of the ordinance, but the plaintiff contends that said commissioner failed to comply with the mandatory provisions of said ordinance in this, that he did not give her notice of said orders as required by said ordinance.

At the time when said orders were entered the plaintiff was a resident of the city of Providence. The plaintiff testified that the Commissioner of Public Works did not cause notice to be given to her that said orders had been entered. As this testimony, coupled with defendant's admissions, established a *prima facie* case for the plaintiff it was the defendant's duty to prove that notice in accordance with the provisions of said ordinance was given to the plaintiff. The defendant introduced evidence tending to show that a notice relative to one of said orders was served on the plaintiff but what said notice contained does not appear. If any notice relative to either of said orders was given to the plaintiff, the defendant was unable to prove the contents of the notice: no copies were retained and no record describing said contents was made. As the defendant failed to overcome the *prima facie* case, established by the plaintiff, by proving that notice in accordance with the provisions of said ordinance was given to plaintiff before the work in question was performed by said commissioner the plaintiff's exception to the refusal of the trial court to direct a verdict in her favor must be sustained.

The defendant may, if he shall see fit, appear before this court on June 18, 1923, and show cause, if any he has, why an order should not be made remitting the case to the Superior Court with direction to enter judgment for the plaintiff in the sum of $176.20.

*Charles R. Easton,* for plaintiff.

*Elmer S. Chace, City Solicitor. Herbert E. Eklund, Assistant City Solicitor,* for defendant.